Allen *v.* Joice.

13th, 1823. On or before the first day of January next, I promise to pay to Isaac Shimer,

| | | |
|---|---:|---:|
| 50 Bushels of Oats, at 37½ cents | $18 | 75 |
| 2 Tons of Hay, at $10 | 20 | 00 |
| 20 Bushels of Corn, at 50 | 10 | 00 |
| 30 Do. Buckwheat, at 37½ | 11 | 25 |
| 1 Barrel of Whiskey | 12 | 00 |
| 20 Bushels of Rye, at 50 | 10 | 00 |
| | $82 | 00 |

" WITNESS, SAMUEL STROUD."
REUBEN ROCKWELL."

and on which instrument sundry credits were indorsed for corn, oats, &c., at different times.

*Vroom,* for the plaintiff in certiorari.

---

## JAMES ALLEN *v.* EVI JOICE.

1. The Court of Common Pleas should permit a Justice, who is present in Court, to amend his transcript by stating the time when and by whom the appeal was demanded, provided no delay is occasioned thereby.

Allen *v.* Joice.

2. Where an appeal is dismissed, an execution issued and a rule upon the Court of Common Pleas to shew cause why a mandamus should not issue to compel them to reinstate the appeal, this Court has granted a rule upon the sheriff to stay proceedings in the execution.

The Court of Common Pleas of the county of Burlington, in February Term, 1825, having refused to allow an amendment to be made by the Justice who was present in Court, dismissed an appeal, because it did not appear in the transcript when and by whom the appeal was demanded. The entry made by the Justice was as follows : "an appeal bond was presented which I accepted, and the appeal granted ;" and the transcript and appeal bond and papers were certified by the Justice and filed on the first day of the term next after the judgment.

*Sims* now moved to make absolute a rule taken at the last term of this Court for the appellee to shew cause why a mandamus should not issue to the Court of Common Pleas to reinstate the appeal ; and it appearing that a copy of the rule had been served.

*The Court,* remarking that the entry made by the Justice on his docket was a substantial though not a literal compliance with the requisition of the statute, (*Rev. Laws,* 641, *Sec.* 41 ;) and that the amendment applied for was sanctioned in time and principle by that sustained in the case of *Thompson* v. *Sutton,* 1 *Halsted* 220, made the rule absolute. *Sims* then stated that on the dismissal of the appeal an execution had been issued out of the Court of Common Pleas, and delivered to the sheriff, and moved for a rule to stay the execution.

*The Court* doubted the propriety of such rule, but on being referred to the case of *Johnson* v. *Bowker,* in September Term, 1823, when on the entry of a rule to shew cause why a mandamus should not issue a rule to stay execution had been made ; the Court allowed the rule without prejudice however to the question of its propriety in any future case.